UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA ADAMS and ROBERT ADAMS, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *   Civil Action No. 14-30178-MGM |
| TOWN OF MONTAGUE, FRANK E. | * |
| ABBONDANZIO, CHRISTOPHER | * |
| BOUTWELL, MASSACHUSETTS | * |
| DEPARTMENT OF TRANSPORTATION, | * |
| DAVID JENSEN, WALTER RAMSEY, | * |
| THOMAS P. GREY, and TRACY WU, | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER REGARDING
PLAINTIFFS' MOTION FOR TEMPORARY
INJUNCTION AND LIS PENDENS
(Dkt. No. 6)
November 25, 2014

MASTROIANNI, U.S.D.J.

I.  INTRODUCTION

Lisa Adams and Robert Adams ("Plaintiffs"), proceeding pro se, bring this action against the Town of Montague ("Town"), Frank Abbondanzio, Christopher Boutwell, the Massachusetts Department of Education ("DOT"), David Jensen, Walter Ramsey, Thomas Grey, and Tracy Wu. Plaintiffs' claims arise out of the re-opening of Greenfield Cross Road and the pending reconstruction of Hatchery Road, both of which abut property they own in the town of Montague. Plaintiffs' primary allegation appears to be that the Town and DOT are attempting to perpetrate or have perpetrated an unconstitutional taking of their property in violation of the Fifth Amendment.

Presently before the court is Plaintiffs' motion for temporary injunction and lis pendens. For the reasons which follow, the court will deny Plaintiffs' motion.

II. STANDARD OF REVIEW

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (emphasis in original; internal quotation marks omitted). "To obtain a preliminary injunction, the plaintiffs bear the burden of demonstrating (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." <u>Nieves-Marquez v. Puerto Rico</u>, 353 F.3d 108, 120 (1st Cir. 2003). "The first factor, the plaintiff's likelihood of success, is 'the touchstone of the preliminary injunction inquiry.'" <u>Boston Duck Tours, LP v. Super Duck Tours, LLC</u>, 531 F.3d 1, 11 (1st Cir. 2008) (quoting <u>Philip Morris, Inc. V. Harshbarger</u>, 159 F.3d 670, 674 (1st Cir. 1998)). Thus, "if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." <u>Id.</u> (quoting <u>New Comm Wireless Servs., Inc. v. SprintCom, Inc.</u>, 287 F.3d 1, 9 (1st Cir. 2002)).

III. ANALYSIS

The court concludes that Plaintiffs have not demonstrated a likelihood of success on the merits and, therefore, it will deny their motion on that ground alone. Plaintiffs' central claim related to their injunction request is a Fifth Amendment takings claim. The remaining claims asserted in the original complaint, as best the court can discern, arise under state law and, thus, do not provide an independent basis for federal question jurisdiction. <u>See</u> 28 U.S.C. § 1331. Moreover, to the extent Plaintiffs' injunction request is also based, in part, on these additional claims, Plaintiffs likewise have

not demonstrated a likelihood of success on the merits, as these state law claims do not appear to be viable.[1]

With regard to the Fifth Amendment takings claim, it is clear that Plaintiffs first must exhaust their remedies in state court under M.G.L. c. 79 before bringing such a claim in federal court. The Supreme Court has explained that the Fifth Amendment "does not proscribe the taking of property; it proscribes taking without just compensation." Williamson County Reg'l Planning Commision v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (1985). "As a result, 'if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.' . . . This is sometimes referred to as a 'state litigation' requirement." Downing/Salt Pond Partners L.P. v. Rhode Island and Providence Plantations, 643 F.3d 16, 20 (1st Cir. 2011) (quoting Williamson County, 473 U.S. at 195)). "Further, the compensation need not be paid in advance or at the time of the taking, as long as there is a procedure in place at the time of the taking that is 'reasonable, certain and adequate . . . for obtaining compensation.'" Id. at 20 (quoting Williamson County, 473 U.S. at 194)).[2] "In Massachusetts, M.G.L. c. 79 is the exclusive remedy for challenging the exercise of eminent domain." Kelly v. Day, 585 F.Supp.2d 211, 215 (D.Mass. 2008) (citing Whitehouse v. Town of Sherborn, 419 N.E.2d 293 (1981)); see also Mass. Gen. Laws c. 82, § 24. Moreover, "Massachusetts courts have consistently interpreted Chapter 79 as permitting challenges to both the validity of a taking and the amount of compensation." Id. Accordingly,

---

[1] Plaintiffs recently filed a motion for leave to file an amended complaint. (Dkt. No. 40.) If leave to file is granted, it remains to be seen whether Plaintiffs' new allegations suffer from the same infirmities. At least with regard to Plaintiffs' Fifth Amendment takings claims, however, an argument for the dismissal of such claims could be made for the reasons discussed herein.

[2] Moreover, despite Plaintiffs' protestations to the contrary, state courts are fully capable of adjudicating claims asserted against state defendants as well as claims based on the federal Constitution. See id. at 21 n.5 ("'State courts are fully competent to adjudicate constitutional challenges to local land-use decisions' and 'undoubtedly have more experience than federal courts do in resolving the complex factual, technical, and legal questions' they raise." (quoting San Remo Hotel v. City & Cnt. of San Francisco, 545 U.S. 323, 347 (2005)); see also Burt v. Titlow, 134 S.Ct. 10, 15 (2013) ("'[S]tate courts have the solemn responsibility equally with the federal courts to safeguard constitutional rights,' and this Court has refused to sanction any decision that would 'reflec[t] negatively upon [a] state court's ability to do so.'" (quoting Trainor v. Hernandez, 431 U.S. 434, 443 (1977))).

3

"[b]ecause Chapter 79 provides an adequate remedy, recovery under that law must be pursued before a federal takings claim becomes ripe." Id.[3]

In addition, to the extent Plaintiffs also assert a procedural due process claim, it is based on the same alleged taking. The First Circuit has explained, however, that "a plaintiff cannot, merely by recasting its takings claim 'in the raiment of a due process violation,' evade the Williamson County ripeness requirements." Downing/Salt Pond Partners L.P., 643 F.3d at 28 (quoting Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149 (1st Cir. 2002)); see also Rupprecht v. City of Pittsfield, 2007 WL 1559697 (1st Cir. May 31, 2007) (unpublished) ("[L]and-use conflicts rarely support constitutional claims. . . . Exhaustion of state remedies is a prerequisite for procedural due process and Fifth Amendment takings claims."). Accordingly, Plaintiffs' central claims are not viable in this forum and, therefore, there is no likelihood of success on the merits which would justify an injunction.

As for the lis pendens request, Plaintiffs seek court approval of a memorandum of lis pendens giving notice to the public of this lawsuit which affects their property. The court agrees with the Commonwealth Defendants, however, that a lis pendens is not appropriate here. "A memorandum of lis pendens, like an attachment of real estate, temporarily restricts the power of a landowner to sell his or her property, depriving the owner of the ability to convey clear title while the litigation is pending." Debral Realty, Inc. v. DiChiara, 420 N.E.2d 343, 347 (Mass. 1981). Accordingly, Plaintiffs' request would have the effect of clouding title to their own property, a situation the court does not believe the legislature envisioned in enacting Mass. Gen. Laws c. 184, § 15.

---

[3] At the hearing on this motion, counsel for both the Commonwealth Defendants and the Town Defendants represented that no construction work on Hatchery Road in the land area at issue would or was planned to occur soon. However, counsel for the Commonwealth Defendants indicated that the process of engaging a contractor for the work was underway. Accordingly, Plaintiffs may have a window of time to pursue this type of relief in state court if they choose to do so.

IV.  CONCLUSION

For these reasons, the court DENIES Plaintiffs' motion for temporary injunction and <u>lis pendens</u> (Dkt. No. 6).

It is So Ordered.

                                                /s/ Mark G. Mastroianni
                                                MARK G. MASTROIANNI
                                                United States District Judge