UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA ADAMS and ROBERT ADAMS, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * Civil Action No. 14-30178-MGM |
| TOWN OF MONTAGUE, FRANK E. | * |
| ABBONDANZIO, CHRISTOPHER | * |
| BOUTWELL, MASSACHUSETTS | * |
| DEPARTMENT OF TRANSPORTATION, | * |
| DAVID JENSEN, WALTER RAMSEY, | * |
| THOMAS P. GRAY, TRACY WU, | * |
| MICHAEL J. CARTER, JOHN F. OSORIO, | * |
| JEFFREY BRADFORD, AND | * |
| JAMES J. TOTH, | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS TO DISMISS AND
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(Dkt. Nos. 55, 58, 62, 68, and 75)

March 23, 2015

MASTROIANNI, U.S.D.J.

I.  INTRODUCTION

Lisa Adams and Robert Adams ("Plaintiffs"), proceeding pro se, bring this action against the Town of Montague ("Town"), Frank Abbondanzio, Christopher Boutwell, the Massachusetts Department of Education ("DOT"), David Jensen, Walter Ramsey, Thomas Gray, Tracy Wu, Michael Carter, John Osorio, Jeffrey Bradford, and James Toth (together, "Defendants"). Plaintiffs filed their original complaint on October 7, 2014, and, shortly thereafter, filed a motion for temporary injunction. (Dkt. Nos. 1, 6.) The court denied Plaintiffs' motion, see Adams v. Town of Montague, 2014 WL 6678491 (D. Mass. Nov. 25, 2014), and Plaintiffs filed an amended complaint.

(See Dkt. No. 50.) Defendants, with the exception of Tooth,[1] filed motions to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Rather than filing oppositions to Defendants' motions, however, Plaintiffs filed a motion for summary judgment asserting that "Defendants have not disputed the issues of merit raised by Plaintiffs."[2] For the following reasons, the court will grant Defendants' motions to dismiss, deny as moot Plaintiffs' motion for summary judgment, and dismiss without prejudice Plaintiffs' amended complaint.

II.     ANALYSIS

There is a clear distinction between a motion to dismiss and a motion for summary judgment. A motion to dismiss tests the adequacy of the allegations contained in a plaintiff's complaint. Under a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction based solely on the pleadings, "[i]f the well-pleaded facts, evaluated in [the light most hospitable to the plaintiffs' theory of recovery and drawing all reasonable inferences in the plaintiffs' favor], do not support a finding of federal subject-matter jurisdiction," the court must dismiss the action. Fothergill v. United States, 566 F.3d 248, 251 & n.1 (1st Cir. 2009). Similarly, under a Rule 12(b)(6) motion to dismiss for failure to state a claim, if a complaint, based on the well-pleaded factual allegations,[3] fails to allege "content that allows the court to draw the reasonable inference that the defendant is liable" based a legally viable claim, it is subject to dismissal. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "But summary judgment, like a trial, hinges on the presence or absence of evidence, not on the adequacy of the pleadings." Garcia-Catalan v. United States, 734 F.3d 100, 104

---

[1] Despite Tooth's failure to file a motion to dismiss, or even to file an appearance in this case, the court will also dismiss without prejudice the claims asserted against him based on its declination to exercise supplemental jurisdiction over the state-law claims.

[2] On February 12, 2015, the court granted Plaintiffs a thirty-day extension to respond to Defendants' motions. (Dkt. No. 73.)

[3] Under both Rule 12(b)(1) and Rule 12(b)(6), "[a] plaintiff, however, may not rest merely on 'unsupported conclusions or interpretations of law.'" Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quoting Washington Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

(1st Cir. 2013). Here, the parties have not conducted any discovery, and Plaintiffs did not include any evidence in support of their motion for summary judgment. Accordingly, Plaintiffs' motion for summary judgment is premature, and the court will resolve the motions to dismiss rather than undertaking a summary judgment analysis. See, e.g., Dwyer v. United States, 76 F.Supp.2d 154, 156 (D.N.H. 1999).

Plaintiffs' failure to file oppositions to the motions to dismiss would be grounds alone to grant the motions. The court, however, will construe Plaintiffs' motion for summary judgment as an opposition to the motions to dismiss. Plaintiffs' claims arise out of the re-opening of Greenfield Cross Road and the pending reconstruction of Hatchery Road, both of which abut property they own in the town of Montague. As was true with Plaintiffs' original complaint, Plaintiffs' primary allegation is that the Town and DOT are attempting to perpetrate or have perpetrated an unconstitutional taking of their property in violation of the Fifth Amendment. Plaintiffs have also asserted a number of state-law claims against the various Defendants related to the Town's decision regarding the two roads.

As this court explained in its earlier ruling, Plaintiffs must first exhaust their remedies in state court under M.G.L. c. 79 before bringing a Fifth Amendment takings claim, as well as a procedural due process claim based on the same alleged taking, in federal court. See Williamson County Reg'l Planning Commision v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-95 (1985); Downing/Salt Pond Partners L.P. v. Rhode Island and Providence Plantations, 643 F.3d 16, 20, 28 (1st Cir. 2011); Kelly v. Day, 585 F.Supp.2d 211, 215 (D. Mass. 2008). Importantly, and contrary to Plaintiffs' assertions in their amended complaint, "the compensation need not be paid in advance or at the time of the taking, as long as there is a procedure in place at the time of the taking that is 'reasonable, certain and adequate . . . for obtaining compensation.'" Downing/Salt Pond Partners L.P., 643 F.3d at 20 (quoting Williamson County, 473 U.S. at 194)). And, in Massachusetts, M.G.L.

3

c. 79 provides that procedure. Kelly, 585 F.Supp.2d at 215. Accordingly, "[b]ecause Chapter 79 provides an adequate remedy, recovery under that law must be pursued before a federal takings claim becomes ripe." Id.

Because Plaintiffs' federal claims are not ripe in this forum, and therefore must be dismissed, the court declines to exercise supplemental jurisdiction over the remaining state-law claims and will also dismiss those claims without prejudice. See Caesars Massachusetts Mgmt. Co., LLC v. Crosby, --- F.3d ----, 2015 WL 627213, at *8 (1st Cir. Feb. 13, 2015); Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims in the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). The court notes that, because it is only dismissing Plaintiffs' claims without prejudice, they are not barred from re-filing their action. In this regard, to the extent Plaintiffs' claims are limited to a Fifth Amendment takings claim and a related procedural due process claim, as well as state-law claims, their remedy is in state, not federal, court.[4]

III. CONCLUSION

For these reasons, the court ALLOWS Defendants' motions to dismiss, DENIES as moot Plaintiffs' motion for summary judgment, and DISMISSES WITHOUT PREJUDICE Plaintiffs' amended complaint. The clerk shall enter judgment for Defendants, and this case may now be closed.

---

[4] State courts are fully capable of adjudicating claims asserted against state defendants as well as claims based on the federal Constitution. See Downing/Salt Pond Partners L.P., 643 F.3d at 21 n.5 ("'State courts are fully competent to adjudicate constitutional challenges to local land-use decisions' and 'undoubtedly have more experience than federal courts do in resolving the complex factual, technical, and legal questions' they raise." (quoting San Remo Hotel v. City & Cnt. of San Francisco, 545 U.S. 323, 347 (2005)); see also Burt v. Titlow, 134 S.Ct. 10, 15 (2013) ("'[S]tate courts have the solemn responsibility equally with the federal courts to safeguard constitutional rights,' and this Court has refused to sanction any decision that would 'reflec[t] negatively upon [a] state court's ability to do so.'" (quoting Trainor v. Hernandez, 431 U.S. 434, 443 (1977))).

4

It is So Ordered.

                                              /s/ Mark G. Mastroianni
                                             MARK G. MASTROIANNI
                                             United States District Judge